IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| CHARLES STALTER, | § | |
| | § | |
| Plaintiff, | § | Case No. 2:16-cv-00667-JRG-RSP |
| | § | |
| v. | § | |
| | § | |
| RWI TRANSPORTATION LLC, RONALD HANNIBAL, | § § § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM ORDER

This matter comes before the Court upon the Motion to Transfer Venue filed by Defendant RWI Transportation LLC ("RWI"), requesting that this case be transferred to the Sherman division of the Eastern District of Texas pursuant to 28 U.S.C. § 1404(a). Dkt. No. 8. For the reasons explained below, the Court will **DENY** Defendant's Motion to Transfer Venue.

### I. BACKGROUND

Plaintiff Charles Stalter filed this diversity suit against Defendants Ronald Hannibal and his employer, RWI, based on a trailer-truck accident that occurred at a Pilot Travel Center in Sulphur Springs, Texas, on November 11, 2014. Sulphur Springs is located in Hopkins County within the Sherman division. 28 U.S.C. § 124(c)(3). Plaintiff resides in Florida, Defendant Hannibal resides in Pennsylvania, and Defendant RWI is a Kentucky corporation.

### II. LEGAL STANDARD

Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The first step in a Court's transfer

1

analysis is deciding "whether the judicial district to which transfer is sought would have been a district in which the claim could have been filed." *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) ("*Volkswagen I*").

If that threshold is met, the Court then analyzes public and private factors relating to the convenience of parties and witnesses and the interests of particular venues in hearing the case. *Id.* at 203. The private factors are: 1) the relative ease of access to sources of proof; 2) the availability of compulsory process to secure the attendance of witnesses; 3) the cost of attendance for willing witnesses; and 4) all other practical problems that make trial of a case easy, expeditious, and inexpensive. *Id.* The public factors are: 1) the administrative difficulties flowing from court congestion; 2) the local interest in having localized interests decided at home; 3) the familiarity of the forum with the law that will govern the case; and 4) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law. *Id.*

The plaintiff's choice of venue is not a factor in this analysis. *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 314–15 (5th Cir. 2008) ("*Volkswagen II*"). Rather, the plaintiff's choice of venue contributes to the defendant's burden of proving that the transferee venue is "clearly more convenient" than the transferor venue. *Volkswagen II*, 545 F.3d at 315. Although the private and public factors apply to most transfer cases, "they are not necessarily exhaustive or exclusive," and no single factor is dispositive. *Volkswagen II*, 545 F.3d at 314–15.

Timely motions to transfer venue should be "should [be given] a top priority in the handling of [a case]" and "are to be decided based on 'the situation which existed when suit was instituted.'" *In re Horseshoe Entm't*, 337 F.3d 429, 433 (5th Cir. 2003).

### III. DISCUSSION

RWI relies upon the fact that the trailor-truck accident occurred within the Sherman division. This fact might ordinarily have some import in a tort case involving non-party fact witnesses, but it has minimal relevance here. Hopkins County sits on the eastern edge of the Sherman division and borders the western edge of the Marshall division. The accident occurred at a Pilot Travel Center that is only about 20 miles closer to the Sherman courthouse than it is to the Marshall courthouse. This results in a neutral transfer analysis.

With respect to the private *Volkswagon I* factors, neither party identifies any specific witness or source of proof other than party witnesses in Florida and Pennsylvania, and RWI Transportation in Kentucky. Although the Sherman courthouse is about 170 miles from the Marshall courthouse (satisfying *Volkswagon I*'s 100-mile threshold for weighing the third factor regarding witness costs, *see* 371 F.3d at 204-05) RWI Transportation fails to identify a specific witness that would be inconvenienced. Witnesses local to Sulphur Springs would suffer minimal, if any, inconvenience from driving at most a few additional miles.

Much of the parties' dispute appears to be about airports. RWI argues that Sherman is more convenient and less costly than Marshall because of Sherman's proximity to "major airports and transportation services." Dkt. No. 6 at 5. The Sherman courthouse is about 70 miles from the Dallas-Fort Worth International Airport, but as Plaintiff explains, Marshall is only about 40 miles the Shreveport, Louisiana airport. As for cost, RWI did not submit evidence suggesting that travel to Sherman would be less costly than travel to Marshall. Finally, the Court does not find RWI's arguments concerning the public interest factors persuasive. Accordingly, RWI has not established that Sherman is "clearly more convenient" than Marshall. *See Volkswagen II*, 545 F.3d at 315.

## IV.   CONCLUSION

The Court finds, based on the consideration of both private and public interest factors, that the Marshall division is just as convenient to the parties and witnesses as the Sherman Division. The Court therefore **DENIES** RWI's Motion to Transfer Venue.

**SIGNED this 3rd day of October, 2016.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE